Debt upon bond And on Plene administravit pleaded two questions were made 1. Whether an Exec’r might retain for his own debt by simple contract ag’t a Bond Cred’r. 2. Whether Judgm’t upon simple contracts obtained since the Action bro’t on the Bond may be pleaded or given in Evidence on Plene administravit ag’t this Bond debt, for as to such Judgmt’s or paiment of simple Contract-debts before Notice (by Action) of the Bond there can be no question but they may be pleaded ag’t the Bond-debts Vid 1. Mod. 175. 3. Mod. 115. 1. Vent.199. 2. Saund. 49. Vaugh. 94. 3. Lev. 113. FitzG. 77. 78. 2. And.
As to the 1. for the Deft, it was argued that an Ex’r may retain for his Debt by Simple Contract ag’t a Bond Cred’r
It is a gen’l Rule that an Ex’r may retain for his own debt Wentw. Off. of Ex’r c. 12. tit. Debts by Specialty says this is to be understood where the Ex’r is of equal Dignity with the Cred’rs And puts a Case If the Testor be indebted to other Men by Judgm’t Recognisance or Statute and to the Ex’r only by Specialty the Ex’r cannot prefer himself Which is true in the Case put But this proves not the Point in question w’ch is where the Ex’rs debt is by Simple Contract & the Cred’rs by Bond And there is a great difference between the Cases: For Ex’rs are bound to take notice of Judgments but not of Bonds as I shall shew presently. Wentworth’s Opinion then is nothing to the Point And I will [147] confess I can find no judicial resolution in the Books the solution of it must therefore depend upon the reason & nature of the thing From whence I take it to be clear y’t the Ex’r may retain
The Authoritys are numberless that an Ex’r may pay a debt by simple Contract without Action before a debt by Specialty whereof he had no Notice Vid supra And this Notice must be by Action too 1. Mod. 175. Wentw. 144. If then he can pay a Cred’r it would be very hard & unreasonable if he cannot pay himself This would be to put him in a worse Condition than another Cred’r in the same circumstance and deprive him of the power of doing as much for himself as for a stranger w’ch is ag’t Sense & Reason as well as ag’t a rule of Law In mquali jure melior est conditio possidentis which by such means would be really inverted And the Ex’rs possess'on would put him in a worse State viz. out of a possibility of obtaining a debt by Simple *B156 Contract before a debt due to another by Bond w’dh he might do if he was not Ex’r And as the only way he can pay himself is by retaining Doubtless he may well do it
' I take the Law to be likewise clear that where a Suet is commenced ag’t. an Ex’r on a Specialty & afterwards another is bro’t on a Simple Contract the Ex’r may lawfully confess this last Action And the Judgm’t be pleaded in bar to the Action on the Specialty This I shall endeavour to prove presently If the Law be so which I shall suppose at present Is it not absurd to imagine an Ex’r has Power to prefer a Stranger but not himself And therefore as he cannot have remedy by Action (for he cannot sue himself) the Law undoubtedly will give him an adequate remedy viz. a power to retain Otherwise his Extorship puts him in a worse State than he would be without which the Law could never intend (nor is there one Instance where the Law is so) being ag’t the rule I just now mentioned
I conceive it then to be clear-both from the principles of the Law as well from the reason & nature of the thing and I am sure highly consistent with natural justice that an Ex’r by simple contract may retain ag’t a Bond Cred’r
2. Whether Judgm’t obtained upon debts by simple contract since the Action bro’t by the Pit. on his bond may be pleaded or given in Evidence ag’t the Bond-debt
I will agree that to pay a debt by simple contract voluntarily before a debt by Obligation whereof the Ex’r had Notice is a Devastavit But I conceive it is not so to satisfie a Judgm’t obtained upon a Simple Contract before a debt by Obligation And I take it to be a settled Point in Law that where an Action is bro’t ag’t an Ex’r & pending that another is brought ag’t him he may lawfully confess this last Action & the Judg’t shall be a good bar to the first if there is no covin D. & Stud. 157. Wentw. 144. Mo. 678. Cro. El. 462. [148] And there is no difference where the first Action is for a debt by Specialty & the Q. upon simple contract, Keil. 74. is expressly in point And it is there sayed to be clear Law'that when a judgm’t is given ag’t Extors such recovery is a good plea to all other Actions And 9. E. 4. 12. Ex’rs are chargeable to him who first has Judgm’t And no distinction made as to the debts Nor do I find that distinction taken in any of the Cases upon this Subject. Vid. 1. Sid. 21.
And Vaugh. 95. Edgcomb & Dee is express in the point that such Judgment upon simple contract tho’ the Action was com *B157 menced after another Action brought upon a Specialty may well be pleaded to the Action on the Specialty
The Law has left in the breast of the Ex’r to prefer one Cred’r before another in many Cases as Charity or other equitable motive may induce And an Ex’r in conscience ought not to withstand or delay a Suit if he thinks the Debt just of what nature soever it be There may & often is more Equity & Charity to pay a Debt by simple Contract than one upon Bond
Besides a Judgment is the Act of the Court & compulsory & binding upon the Ex’r And if it is no bar to other Actions he must pay it out of his own pocket
The Cases that I suppose will be shewed on the other Side will appear to be chiefly upon the point of paiment without Judgm’t of Debts by Simple Contract after Notice of Debts by Specialty which undoubtedly the Ex’r ought not to do voluntarily but there is no Case (I speak within the Compass of my own Knowledge & Inquiry) where it is expressly resolved that a Judgm’t may not be paid tho’ obtained after Action commenced upon the Specialty And I take 9. E. 4. 12. Keil. 74. & Vaugh. 94. to be affirmative Resolutions in the Point which I conceive are more cogent & ought to be more regarded than 20 Cases which prove nothing but by way of inference And an express Resolution ag’t me 1 believe cannot be shewn. Post 223.